1:20cr83

Withdrawal of Plea agreement
48 GEO. L.J. Ann. Rev. Crim. Proc. (2019)

1356
   A defendant may withdraw a plea of guilty or nolo contendere "for any Reason or no reason" before the court accepts the plea.
Fed. R. Crim. P. 11(d)(1)

1327
   Tollet v. Henderson, 411 U.S. 258, 266-67 (1973) (federal Habeas claims of pre-plea ineffective assistance of counsel permitted when counsel's actions prevented petitioner from making a knowing and Voluntary plea).

To Judge

In the United States District Court
for the Eastern District of Texas
Beaumont Division

| United States of America | Case No: 1:20 CR 83 |
|---|---|
| v. | Motion to Dismiss counsel |
| Jeremy Chad Dennis | and Appoint new counsel |
| | Motion of Ineffective counsel |

Comes now, Jeremy Chad Dennis, Defendant, files the Instant, Styled motion and moves this court to dismiss Court Appointed counsel and appoint new counsel.

## I

Defendant, who has court Appointed Counsel Reynaldo Morin, would Respectfully urge this court to dismiss said counsel and appoint New Counsel. Further, the defendant was Arrested from the Halfway House on September 21st 2020 and transported to Lasalle Corrections in Sierra Blanca TX. On March 2nd I was transported to Lasalle Corrections Jefferson Downtown Jail. I was Arraigned for Conspiracy aid of Racketeering on March 9th 2021 in Beaumont, TX where as Reynaldo Morin was present and appointed counsel to said Defendant. After Arraignment, there was little to no communication Between Defendant and counsel until May 17th 2021 where Defendant engaged into a debrief with Government. While in debrief session I was coarced by Attorney to say that the order given by Chuvw was a kill order. Defendant feels that he was coarced into faulty plea agreement after debrief with Government. With little to no discussions about discovery or over the agreement. No pretrial motions have been filed Related to defendants 4th Amendment Right on → Told to Either sign agreement or go to Trial by Attorney!!

I continuance...

C) I and no preparations for possible Defenses for trial. 1) Due to Any potential conflict of intrest of Appointment within the federal Public Defenders office, and 2) The caseload Assignments of A Public Defender Are Potentially to Voluminous to ensure each client is appointed Effective Assistance of Counsel, Due Process and equal Protection Requirements Under the 5th and 6th Amendment Rights to the United States Constitution and that Defendants Are Guaranteed Effective Assistance of counsel in criminal Prosecutions ( Yarborough V. Gentry 540 U.S. 1, 5 (2003)(per curiam Padilla v. kentucky) 559 U.S. 336, 364 (2010) A Continuance To prepare Sufficiently with New counsel once appointed, As well for All Appellate Reasons to put on Record Ineffectiveness of counsel Suffered at expense of Jeremy Chad Dennis. Defendant requests Outside appointment.

II

Counsel Has An Ethical Responsibility Pursuant to the American Bar Association and Texas State Bar Rules of Professional Responsibility, 1) To communicate with their client, 2) keep them informed in their case 3) Duty to investigate, And 4) Perform Due diligence in the pursuit of a defensive strategy. Counsel Has Failed in all 4 Areas.

III

There Has been a complete breakdown in the Attorney-Client Relationship, No trust of current counsel, Nor Any Communications between Attorney-Client concerning preparations for clients "Right to A Defense", Only Statements concerning a "wait and see" Approach to the offer from the Government. Therefore, based upon the Statement Actions, and Inactions, Defendant Has lost All Confidence in Current Counsel

## IV

In deciding whether councils Performance was Ineffective, A court must consider The Totality of the Circumstances (Strickland 466 U.S. 290 The court in Strickland stated that "[N]o Particular set of Detailed Rules for Counsels Conduct can Satisfactorily Take Account of Variety of circumstances faced by Defense Counsel or the Range of Legitimate Decisions Regarding How Best to Represent A criminal Defendant, White v. Ryan, 895 F.3.d 641670 (9th cir 2018) (Counsels failure To investigate and present mitigating evidence.) In addition To Affirmative Misadvice, Counsel's failure to Advise client of Important Issues - Altogether - Such As sentencing Consequences Involving a Plea, falls below Objective Standards of Reasonableness on Strategy Defendant Relies on from Counsel for Strategy Defense.

Wherefore, Defendant Prays The court Hold Hearing and Grant Said Motion.

Respectfully Submitted

Jeremy Chad Dennis

### Certificate of service

| U.S. District Court | U.S. Attorneys office |
| Clerk of Court | 350 magnolia Ave Ste 150 |
| 300 willow St Rm 104 | Beaumont, TX. 77701 |
| Beaumont, TX. 77701 | |

Defendant Has placed the Instant Motion in the Lasalle Holding facility



Jeremy Dennis 4227717
Jefferson County downtown Jail
1001 Pearl St, Suite 101
Beaumont, TX. 77701

Inmate Correspondence

Judge Thad Heartfield
300 willow St, Suite 212
Beaumont, TX. 77701

77701-221752